No. 98-184

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 282

STATE OF MONTANA,

Plaintiff and Respondent,

v.

SCOTT K. WEST,

Defendant and Appellant.

APPEAL FROM: District Court of the Twentieth Judicial District,

In and for the County of Sanders,

The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

John O. Putikka, Attorney at Law, Thompson Falls, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General;

Jennifer Anders, Ass't Attorney General, Helena, Montana

Robert Slomski, Sanders County Attorney, Thompson Falls, Montana

Submitted on Briefs: October 22, 1998

Decided: November 18, 1998

Filed:

No

_____

Clerk


Justice W. William Leaphart delivered the Opinion of the Court.

**¶1. Appellant Scott K. West (West) appeals from the Twentieth Judicial District Court's denial of his motion to suppress evidence. We affirm the decision of the District Court.**

**¶2. West was charged with Criminal Sale of Dangerous Drugs, Criminal Possession with Intent to Sell, Criminal Possession of Dangerous Drugs (two counts), and Use or Possession of Property Subject to Criminal Forfeiture. These charges arose out of an incident in which West was arrested in conjunction with the execution of a search warrant on his property near Hot Springs, Sanders County, Montana. Sanders County Attorney Robert Slomski had prepared an initial application for a search warrant. However, due to computer difficulties, he was unable to retrieve the document from his computer disc. Accordingly, Slomski requested assistance from Lake Deputy County Attorney, Mitchell Young. Judge C. B. McNeil, who presides over both Lake and Sanders Counties, resides in Polson and was more accessible to Young. Judge McNeil, based upon application from Young, issued the warrant authorizing a search of West's residence in Sanders County.**

**¶3. West moved to suppress all evidence seized as a result of the warrant contending that Lake Deputy County Attorney Young, who prepared and filed the application for the warrant, had no authority to apply for a warrant to be executed in Sanders County. The District Court, the Honorable Michael C. Prezeau presiding, denied the motion holding that, even if there were a violation of statutory authority, the alleged violation did not affect West's substantial rights. West entered a plea of guilty pursuant to §§ 46-20-104 and 46-12-204(3), MCA, reserving his right to appeal from**

the order denying his motion to suppress. We agree with the District Court's analysis in denying the motion.

¶4. We review a district court's conclusions of law regarding a motion to suppress to determine whether the district court's interpretation of the law is correct. State v. Pipkin, 1998 MT 143, ¶ 10, 961 P.2d 733, ¶ 10, 55 St.Rep. 567, ¶ 10.

¶5. West argues that only certain individuals are authorized by law to make application for search warrants. He references § 46-5-220, MCA, which provides: "A peace officer, the city or county attorney, or the attorney general may apply for a search warrant." Section 46-5-220, MCA (emphasis added). West contends that when the statute states "the county attorney," it means the county attorney in the county where the warrant is to be executed. Thus, he argues that Deputy Lake County Attorney Young had no authority to apply for a search warrant to be executed in Sanders County. He suggests that Deputy Lake County Attorney Young is nothing more than a "private person" outside of Lake County. We need not address the question of whether a deputy county attorney from one county has authority to apply for a search warrant to be executed in another county. Even assuming, *arguendo*, that there is merit to this argument, the error does not affect the substantial rights of the person whose property is searched. A search and seizure, whether with or without a warrant, may not be held illegal if any irregularity in the proceeding has no effect on the substantial rights of the accused. *See* § 46-5-103, MCA.

¶6. In denying West's motion to suppress, the District Court stated:

When law enforcement officers go through the considerable effort to secure a search warrant, only to be told later that the search was invalid for some nonsubstantive reason having nothing to do with the existence or nonexistence of probable cause, there is an unfortunate and natural tendency for them to next time search for an exception to the warrant requirement that would allow them to proceed without submitting the proposed search for advance judicial scrutiny and subsequent legal hair splitting over what is contained within the four corners of the application and warrant. The law has a strong preference for search warrants, and that preference is subverted by niggling scrutiny of every word and phrase.

¶7. The Montana Constitution is very specific as to the requirements for a valid search. "No warrant to search any place, or seize any person or thing shall issue without describing the place to be searched or the person or thing to be seized, or without probable cause, supported by oath or affirmation reduced to writing." Art. II, Sec. 11, Mont. Const. West does not allege that the warrant was deficient in any of these particulars. He does not contend that the warrant lacked a description of the place to be searched; nor does he contend that there was a lack of probable cause or that the application was not made under oath. As the District Court noted, West does not suggest that Judge McNeil would not have issued the search warrant had the exact same application been signed by Sanders County Attorney Slomski instead of Deputy Lake County Attorney Young.

¶8. We recently addressed the question of whether the exclusionary rule should be automatically applied where there is a technical violation of a statutory requirement in *Pipkin*. In *Pipkin*, the officer's name was inadvertently omitted from the caption line of the search warrant in violation of § 46-5-223, MCA. Pipkin also claimed that the search warrant had not been served by the police officer named in the search warrant, as required by § 46-5-226, MCA. *Pipkin*, ¶ 7. There were no other statutory or constitutional infirmities alleged. *Pipkin*, ¶ 1. The district court adopted a *per se* application of the exclusionary rule for procedural violations. In reversing, we noted that we have refused to automatically invoke the exclusionary rule. Rather, we engage in a case-by-case analysis to determine whether the alleged error affects the accused's substantial rights:

[T]he public policy of this state is to encourage law enforcement officers to seek prior judicial approval before conducting searches, and conduct those searches pursuant to search warrants. Therefore, technical attacks on warrants must be dealt with in a realistic manner. The correct approach is to analyze the facts and circumstances of each case to determine whether the irregularity in procedure has had an affect on the substantial rights of the accused.

*Pipkin, ¶ 27.*

¶9. In *Pipkin*, we concluded that the alleged violations did not affect Pipkin's substantial rights. Likewise, in the case *sub judice*, we hold that the fact that the application for the warrant was signed by a deputy Lake County Attorney rather

**than by the Sanders County Attorney did not affect West's substantial rights under Article II, Section 11 of the Montana Constitution, which guarantees that warrants not issue unless they describe the place to be searched or the person or thing to be seized, are based on probable cause, and are supported by oath or affirmation reduced to writing. The decision of the District Court is affirmed.**

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ KARLA M. GRAY