Justice James Jeremiah Shea delivered the Opinion of the Court.
***373 ¶1 Appellant Tyrell J. Robertson appeals the Judgment of the Seventeenth Judicial District Court, Valley County, finding Robertson guilty of: (1) criminal possession of dangerous drugs, a misdemeanor, in violation of § 45-9-102, MCA ; (2) criminal possession of drug paraphernalia, a misdemeanor, in violation of § 45-10-103, MCA ; and (3) driving under the influence of alcohol or drugs (DUI), a misdemeanor, in violation of § 61-8-401, MCA. We address the following issues on appeal:
Issue One: Whether the District Court erred when it denied Robertson's Motion in Limine to prevent the arresting officer from testifying at trial.
Issue Two: Whether the District Court erred when it denied Robertson's Motion to Suppress evidence seized from his vehicle because no probable cause existed for the issuance of the search warrant.
Issue Three: Whether the District Court erred when it denied Robertson's Motion to Dismiss the DUI charge due to the State's failure to preserve video evidence.
¶2 We affirm.
PROCEDURAL AND FACTUAL BACKGROUND
¶3 On the evening of February 15, 2017, Valley County Sheriff's Deputy Alex Esteves was on patrol in Glasgow when he observed Robertson driving a truck away from a local bar at night. Esteves observed Robertson fail to signal a right-hand turn and then later fishtail into the other lane of traffic. Esteves followed Robertson onto U.S. Highway 2, activated his emergency lights, and initiated a traffic stop.
¶4 As Esteves approached the driver's side window, he smelled a strong odor of marijuana emanating from the truck. Esteves identified himself to Robertson, explained the reason for the stop, and requested that Robertson hand him any marijuana that was in the truck. Robertson pulled a white prescription-style pill bottle filled with marijuana from the truck's center console and handed it to Esteves. Esteves then asked if there was any drug paraphernalia in the truck. One of Robertson's passengers handed Esteves a glass pipe packed ***374 with marijuana.
¶5 Based upon his observations of Robertson's driving, Esteves suspected Robertson of DUI. Robertson informed Esteves that he and his passengers had just left the bar and admitted that he had consumed an alcoholic *20 beverage while there. Esteves requested Robertson submit to standardized field sobriety tests, which Robertson agreed to. Based on Esteves's observations, Robertson exhibited multiple indicators of impairment during his performance of the tests. Esteves then administered a preliminary breath test. The test indicated Robertson's blood alcohol content (BAC) was 0.114-exceeding the legal limit of 0.08. Esteves arrested Robertson for DUI and informed him that his truck would be seized and a search warrant would be obtained.
¶6 At the Valley County Detention Center (Detention Center), Esteves processed Robertson for a DUI. Since the Intoxilyzer at the Detention Center was under maintenance, Esteves asked Robertson to submit to a blood draw, which Robertson declined. Esteves then applied and received a warrant for the blood draw. A blood sample from Robertson was obtained and sent to the State Crime Lab. Analysis of Robertson's blood sample reflected a BAC of 0.112.
¶7 On February 17, 2017, Esteves applied for, and received, a search warrant for Robertson's truck. The search revealed that Robertson's truck contained various marijuana products and paraphernalia, all of which were seized. Robertson's truck ultimately held a total of 111.2 grams of marijuana and marijuana-infused products.
¶8 On March 29, 2017, Robertson was charged by Information with felony criminal possession of dangerous drugs with intent to distribute, felony criminal possession of dangerous drugs, use or possession of property subject to criminal forfeiture, misdemeanor criminal possession of drug paraphernalia, and misdemeanor DUI.[1]
¶9 On July 3, 2017, Robertson filed a Motion to Suppress and Dismiss. Robertson argued that the evidence seized from his truck should be suppressed because Esteves's search warrant application did not establish probable cause warranting the search. Robertson additionally argued that the DUI charge should be dismissed because the State failed to produce the Detention Center video of his arrest. On September 11, 2017, Robertson filed a Motion in Limine . Robertson argued that Esteves should be prohibited from testifying until the ***375 State affirmatively proved that he satisfied the requirements of § 7-32-303(2), MCA, to be certified as a peace officer.
¶10 On September 13, 2017, the District Court held a hearing on Robertson's Motions. Regarding the Detention Center video, Detention Center Supervisor Zebediah Shawver testified that a video is normally recorded once an individual is brought to the jail following an arrest for a DUI. However, unless a specific request to preserve the video on another format was made, the video would automatically be overwritten after one to two months. Though Shawver was given a specific request to preserve the video, Shawver testified that he was out of the office when the request was made and the video was overwritten before he could download it. Esteves testified that he could not recall the names of the doctors who completed his physical and psychological evaluations for his certification as a police officer. Following the hearing, the District Court ordered that the prosecutor submit Esteves's physical and psychological evaluations for an in camera review.
¶11 On September 18, 2017, the State filed Esteves's physical and psychological evaluation with the District Court. The State provided two documents to the District Court. The first document was Esteves's "Final Candidate Rating" form, which reflected that he received a superior rating for his psychological profile. The second document was a wellness examination conducted by Dr. Kevin Ross in Glasgow. The District Court redacted and provided the documents to Robertson after conducting an in camera review.
¶12 After receiving the documents, Robertson filed a reply brief in support of his Motion in Limine arguing that Esteves's physical examination to be certified as a peace officer was deficient under § 7-32-303(2)(g)(i), MCA. Robertson claimed that the physician who completed Esteves's physical exam was his personal physician because *21 Esteves's wellness examination stated it was an "annual exam," Esteves's insurance paid for the exam, and the State had failed to provide documentation showing that Dr. Ross was not Esteves's personal doctor. Robertson argued that Esteves was not qualified to testify at trial because he was not properly certified as a peace officer.
¶13 On September 26, 2017, the District Court denied Robertson's Motion to Suppress and Dismiss. The District Court determined that Esteves's search warrant application established probable cause to search Robertson's truck. The District Court further concluded that the Detention Center video was accidently overwritten, not intentionally suppressed or destroyed, and that Robertson had failed to show that the video was material, of substantial use, or exculpatory.
***376 ¶14 On September 28, 2017, the District Court denied Robertson's Motion in Limine pertaining to Esteves's ability to testify. The District Court held that Robertson's assumption about Dr. Ross being Esteves's personal physician was unfounded, and that regardless of whether he was Esteves's personal physician, Robertson had failed to provide any authority that a peace officer who fails to meet the qualifications of § 7-32-303(2), MCA, may not testify at trial.
¶15 On October 31, 2017 through November 2, 2017, the District Court conducted Robertson's jury trial. The jury found Robertson guilty of three offenses: misdemeanor DUI; misdemeanor criminal possession of dangerous drugs; and misdemeanor criminal possession of drug paraphernalia. On November 2, 2017, Robertson was sentenced to: (1) one year, with all but seven days suspended, on the DUI charge; (2) six months suspended on the criminal possession of dangerous drugs charge; and (3) six months deferred, on the criminal possession of drug paraphernalia charge.
STANDARD OF REVIEW
¶16 A district court has broad discretion when determining the relevance and admissibility of evidence. State v. Ellerbee , 2019 MT 37, ¶ 15, 394 Mont. 289, 434 P.3d 910 (citing State v. Kaarma , 2017 MT 24, ¶ 11, 386 Mont. 243, 390 P.3d 609 ; State v. Duffy , 2000 MT 186, ¶ 43, 300 Mont. 381, 6 P.3d 453 ). We review a district court's grant or denial of motions to admit or exclude evidence, including motions in limine , for an abuse of discretion. State v. Polak , 2018 MT 174, ¶ 12, 392 Mont. 90, 422 P.3d 112 (citing Hulse v. DOJ, Motor Vehicle Div. , 1998 MT 108, ¶ 15, 289 Mont. 1, 961 P.2d 75 ). However, a district court is bound by the Rules of Evidence and applicable statutes in exercising its discretion. Polak , ¶ 12 (citing State v. Daniels , 2011 MT 278, ¶ 11, 362 Mont. 426, 265 P.3d 623 ). Accordingly, we review a district court's ruling based on its interpretation of a Rule of Evidence or a statute de novo. Polak , ¶ 12 (citing State v. Lotter , 2013 MT 336, ¶ 13, 372 Mont. 445, 313 P.3d 148 ).
¶17 We review a district court's denial of a motion to suppress to determine whether the district court's findings of fact are clearly erroneous and whether those findings were correctly applied as a matter of law. State v. Baty , 2017 MT 89, ¶ 9, 387 Mont. 252, 393 P.3d 187 (citing State v. Olson , 2003 MT 61, ¶ 11, 314 Mont. 402, 66 P.3d 297 ; State v. Dawson , 1999 MT 171, ¶ 13, 295 Mont. 212, 983 P.2d 916 ). A district court's factual findings are clearly erroneous if they are not supported by substantial credible evidence, if the court has misapprehended the effect of the evidence, or if our review of the record ***377 leaves us with a definite or firm conviction that a mistake was made. Baty , ¶ 10 (citing State v. DeWitt , 2004 MT 317, ¶ 21, 324 Mont. 39, 101 P.3d 277 ; State v. Loh , 275 Mont. 460, 475, 914 P.2d 592, 601 (1996) ).
¶18 We review a motion to dismiss based on the State's failure to disclose exculpatory evidence de novo for correctness. State v. Williams , 2018 MT 194, ¶ 16, 392 Mont. 285, 423 P.3d 596 (citing State v. Betterman , 2015 MT 39, ¶ 11, 378 Mont. 182, 342 P.3d 971 ). Our review of constitutional questions, including alleged Brady violations, is plenary. State v. Ilk , 2018 MT 186, ¶ 15, 392 Mont. 201, 422 P.3d 1219 (citing State v. Jackson , 2009 MT 427, ¶ 50, 354 Mont. 63, 221 P.3d 1213 ).
*22 DISCUSSION
¶19 Issue One: Whether the District Court erred when it denied Robertson's Motion in Limine to prevent the arresting officer from testifying at trial.
¶20 Potential peace officers must meet specific qualifications prior to certification as an officer. Section 7-32-303(2), MCA. Montana law provides, in relevant part:
(2) A sheriff of a county, the mayor of a city, a board, a commission, or any other person authorized by law to appoint peace officers in this state may not appoint any person as a peace officer who does not meet the following qualifications plus any additional qualifying standards for employment promulgated by the Montana public safety officer standards and training counsel established in [§] 2-15-2029 [MCA ]:
...
(g)(i) be examined by a licensed physician, or for the purposes of a mental health evaluation, a person who is licensed by the state under Title 37 and acting within the scope of the person's licensure, who is not the applicant's personal physician or licensed mental health professional, appointed by the employing authority to determine if the applicant is free from any mental or physical condition that might adversely affect performance by the applicant of the duties of a peace officer ....
Section 7-32-303(2)(g)(i), MCA.
¶21 Every person is competent to testify as a witness. M. R. Evid. 601(a). A witness who lacks personal knowledge of a matter may not testify. M. R. Evid. 602.
¶22 Robertson argues that Esteves's wellness examination conducted by Dr. Ross was insufficient to demonstrate that he fulfilled ***378 the qualifications of § 7-32-303(2)(g)(i), MCA. Therefore, Robertson argues that the District Court erred when it allowed Esteves to testify at trial. The State counters that Robertson's claim is speculative, and, regardless of its veracity, Esteves's failure to be certified as a peace officer would not disqualify him from testifying about his personal observations. We agree.
¶23 Robertson fails to provide any authority to support his contention that a peace officer may not testify at trial if they do not meet the qualifications of § 7-32-303(2), MCA. As the arresting officer, Esteves was a witness with personal knowledge of the traffic stop that led to Robertson's arrest. Esteves testified to his personal knowledge, as contemplated by M. R. Evid. 601(a), 602. Moreover, Robertson did not produce any substantial evidence that Esteves's wellness examination did not meet the requirements to certify Esteves as a peace officer. See § 7-32-303(2)(g)(i), MCA. The District Court did not abuse its discretion when it allowed Esteves to testify at trial. See Polak , ¶ 12.
¶24 Issue Two: Whether the District Court erred when it denied Robertson's Motion to Suppress evidence seized from his vehicle because no probable cause existed for the issuance of the search warrant.
¶25 Article II, Section 11 of the Montana Constitution provides: "No warrant to search any place, or seize any person or thing shall issue without describing the place to be searched or the person or thing to be seized, or without probable cause, supported by oath or affirmation reduced to writing." A judge shall not issue a search warrant unless the search warrant application:
(1) states facts sufficient to support probable cause to believe that an offense has been committed;
(2) states facts sufficient to support probable cause to believe that evidence, contraband, or persons connected with the offense may be found;
(3) particularly describes the place, object, or persons to be searched; and
(4) particularly describes who or what is to be seized.
Section 46-5-221, MCA.
¶26 We have adopted a "totality of the circumstances" test to evaluate the existence of probable cause in a search warrant application. State v. Reesman , 2000 MT 243, ¶ 24, 301 Mont. 408, 10 P.3d 83, overruled in part by State v. Barnaby , 2006 MT 203, ¶ 42, 333 Mont. 220, 142 P.3d 809. Under the *23 "totality of the circumstances," we consider if the issuing judge made "a practical, common sense determination, given all the evidence contained in the application for a search warrant, whether a fair probability exists that contraband or ***379 evidence of a crime will be found in a particular place." State v. Kasparek , 2016 MT 163, ¶ 8, 384 Mont. 56, 375 P.3d 372 (quoting Barnaby , ¶ 29 ; Illinois v. Gates , 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983) ).
¶27 Probable cause does not require facts sufficient to show criminal activity; it requires facts that show a fair probability of the existence of criminal activity, determined solely from the information contained within the four corners of the search warrant application. State v. Kant , 2016 MT 42, ¶ 24, 382 Mont. 239, 367 P.3d 726 (citing Barnaby , ¶ 30 ); Kasparek, ¶ 8 (citing Muir v. Bilderback , 2015 MT 180, ¶ 12, 379 Mont. 459, 353 P.3d 473 ). The sufficiency of a search warrant is assessed on a case-by-case basis to determine whether any alleged defect in the search warrant application affected the substantial rights of the accused. Kasparek , ¶ 8 (citing Muir , ¶ 11 ; State v. West , 1998 MT 282, ¶ 8, 291 Mont. 435, 968 P.2d 289 ). An issuing judge's determination that probable cause exists is entitled to "great deference" and a reviewing court must make every reasonable inference to support an issuing judge's determination of probable cause. Kasparek , ¶ 8 (citing Muir , ¶ 12 ; State v. Tucker , 2008 MT 273, ¶ 17, 345 Mont. 237, 190 P.3d 1080 (internal quotations omitted)).
¶28 Esteves's search warrant application detailed the following facts: Esteves smelled marijuana coming from Robertson's truck when he approached the vehicle; Robertson voluntarily turned over a container with marijuana; and Robertson's passenger turned over a marijuana pipe with a full bowl of marijuana. Based on these facts, Esteves applied for, and received, a search warrant from the Valley County Justice of the Peace, authorizing a search of Robertson's truck for additional contraband. The search revealed a total 111.2 grams of marijuana in Robertson's truck.
¶29 Given the totality of the circumstances, probable cause existed to issue a warrant authorizing a search of Robertson's truck for additional marijuana. The four corners of Esteves's search warrant application stated with particularity the area that was to be searched-Robertson's truck; and described with particularity what additional drug evidence was expected to be seized-marijuana. See § 46-5-221, MCA ; Kasparek, ¶ 8 ; Muir , ¶ 12. Robertson voluntarily provided Esteves with a container of marijuana and marijuana paraphernalia, which supported probable cause for the misdemeanor offenses of criminal possession of dangerous drugs and possession of drug paraphernalia. See § 45-9-102, MCA ; § 45-10-103, MCA ; see also Kant , ¶ 24 ; Barnaby , ¶ 30. Nothing in the record indicates a defect in the search warrant application process that affected Robertson's substantial rights. See Kasparek , ¶ 8 ;
***380 Muir , ¶ 11 ; West , ¶ 8. Esteves's search warrant application stated facts sufficient to support probable cause to believe that Robertson committed a drug-related offense and that additional marijuana evidence for that offense would be found in Robertson's truck. See § 46-5-221, MCA ; Kasparek , ¶ 8 ; Barnaby , ¶ 29.
¶30 The Justice of the Peace correctly determined that probable cause existed for the issuance of a search warrant of Robertson's truck. See Kasparek , ¶ 8 ; Muir , ¶ 12 ; Tucker , ¶ 17. The District Court did not err in when it denied Robertson's Motion to Suppress. See Baty , ¶ 9 ; Olson , ¶ 11.
¶31 Issue Three: Whether the District Court erred when it denied Robertson's Motion to Dismiss the DUI charge due to the State's failure to preserve video evidence.
¶32 Under Brady v. Maryland , 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), a criminal defendant has a constitutional right to obtain exculpatory evidence, and the State violates the defendant's right to due process when it suppresses such evidence. Williams , ¶ 18 (citing U.S. Const. amend. XIV ; Mont. Const. art. II, § 17 ); see also § 46-15-322(1)(e), MCA ("Upon request, the prosecutor shall make available to the *24 defendant ... all material or information that tends to mitigate or negate the defendant's guilt as to the offense charged or that would tend to reduce the defendant's potential sentence ...."). To prove the State violated his due process rights under Brady , a defendant must establish that: (1) the State possessed evidence favorable to the defense; (2) the prosecution suppressed the favorable evidence; and (3) had the evidence been disclosed, a reasonable probability exists that the outcome of the proceedings would have been different. Ilk , ¶ 29 (citing State v. Reinert , 2018 MT 111, ¶ 17, 391 Mont. 263, 419 P.3d 662 ). The defendant bears the burden of proving all three prongs to demonstrate a Brady violation occurred. Ilk , ¶ 30 (citing Reinert , ¶ 17 ).
¶33 Under the first prong, the defendant must make a showing of more than "mere speculation" to demonstrate that evidence in the State's possession would have been favorable. Ilk , ¶ 31 (internal quotations and citations omitted). Under the second prong, negligently suppressed evidence amounts to a due process violation only where the evidence "is material and of substantial use, vital to the defense, and exculpatory." McGarvey v. State , 2014 MT 189, ¶ 17, 375 Mont. 495, 329 P.3d 576 (quoting State v. Gollehon , 262 Mont. 1, 13, 864 P.2d 249, 257 (1993) ); see also State v. Seiffert , 2010 MT 169, ¶ 16, 357 Mont. 188, 237 P.3d 669 (citing State v. Herman , 2009 MT 101, ¶ 31, 350 Mont. 109, 204 P.3d 1254 ). Regarding the third and final prong, to demonstrate a "reasonable probability" that the outcome would have ***381 been different, a defendant must establish that the favorable evidence "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." State v. Weisbarth , 2016 MT 214, ¶ 26, 384 Mont. 424, 378 P.3d 1195 (quoting Kyles v. Whitley , 514 U.S. 419, 435, 115 S.Ct. 1555, 1566, 131 L.Ed.2d 490 (1995) ).
¶34 Robertson argues that the State suppressed evidence favorable to him because it allowed the Detention Center video to be overwritten. Robertson asserts that the video was favorable to his defense because it would have demonstrated that Robertson's actions, physical movements, decision making, and speech were consistent with his ability to safely operate a motor vehicle. The State argues that the record fails to support Robertson's contentions, that he has offered no evidence to support his theory, and that there was no reasonable probability that the outcome of his DUI charge would be different had the Detention Center video not been overwritten. We agree.
¶35 Though we do not sanction the State's failure to preserve the video, particularly in light of Robertson's specific request to preserve the video, the record here fails to establish a prima facie Brady violation. Robertson offers nothing to indicate that the Detention Center video constituted favorable evidence. Robertson's contention that the erased video would have demonstrated his sobriety is "mere speculation" unsupported by the record. See Ilk , ¶ 31. Although Detention Center Supervisor Shawver confirmed that the Detention Center video was mistakenly overwritten, Robertson fails to demonstrate that it was material, vital to his defense, or exculpatory. See McGarvey , ¶ 17 ; Seiffert , ¶ 16 ; Herman , ¶ 31. Finally, Robertson fails to establish that there would be a reasonable probability that the outcome of his DUI charge would be different given the existence of the Detention Center video. See Weisbarth , ¶ 26 ; Kyles , 514 U.S. at 435, 115 S.Ct. at 1566. The record contained substantial evidence indicating Robertson's impairment while driving, including: Esteves's observation of Robertson's erratic driving at night shortly after leaving a local bar; Robertson's admission to Esteves that he consumed alcohol prior to driving; Robertson's field sobriety tests indicated impairment; and Robertson's blood test sample revealed a BAC of 0.112. See Ilk , ¶ 31 ; Weisbarth , ¶ 26.
¶36 Robertson has not met his burden to demonstrate a Brady violation occurred. See Ilk , ¶ 30 ; Reinert , ¶ 17. The District Court did not err when it denied Robertson's Motion to Dismiss his DUI charge based on the State's failure to preserve the Detention Center video. See Williams , ¶ 16 ; Ilk , ¶ 15.
***382 CONCLUSION
¶37 The District Court did not err when it denied Robertson's Motion in Limine and *25 allowed Esteves to testify at trial, concluded that Esteves's search warrant application established probable cause to search Robertson's truck, and denied Robertson's Motion to Dismiss his DUI charge due to the State's failure to preserve his Detention Center video. We affirm.
We concur:
MIKE McGRATH, C.J.
INGRID GUSTAFSON, J.
BETH BAKER, J.
LAURIE McKINNON, J.

The State later amended the Information to reflect that the criminal possession of dangerous drugs charge was a misdemeanor rather than a felony.